Dear Attorney Macy,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
May a deputy county Commissioner who, under the provisions of19 O.S. 180.81(B) (1995), has been designated in the office ofthe County Clerk as a County Commissioner's Chief Deputy — act inthe Commissioner's place by attending meetings of the Board ofCounty Commissioners and casting votes on matters on the agendasat such meetings when the County Commissioner is absent?
¶ 1 The Oklahoma Constitution, at Article XVII, Section 2, provides for the creation of county officers, subject to change by the Legislature:
 There are hereby created, subject to change by the Legislature, in and for each organized county of this State, the offices of Judge of the County Court, County Attorney, Clerk of the District Court, County Clerk, Sheriff, County Treasurer, Register of Deeds, County Surveyor, Superintendent of Public Instruction, three County Commissioners, and such municipal township officers as are now provided for under the laws of the Territory of Oklahoma, except as in this Constitution otherwise provided.
Okla. Const. Article XVII, Section 2 (emphasis added).
¶ 2 Shortly after statehood, in the case of Anderson v.Ritterbusch, 98 P. 1002 (Okla. 1908), the Oklahoma Supreme Court specifically held that this constitutional provision empowers the Legislature to change or add to the list of County Commissioners at any time:
 The right of the Legislature to at any time change or add to the list of county officers is granted by section 2, art. 17 (Bunn's Ed. § 324), of the Constitution.
Id. at 1011.
¶ 3 In 1993, the Oklahoma Legislature enacted the provisions of19 O.S. 180.81 (1995), and in doing so added to the list of county officers, as authorized by Article XVII, Section 2 of the Oklahoma Constitution. In pertinent part, that statute provides:
 Each principal officer named in paragraph 1 of Section 5 of this act, except judges, shall designate of record in the office of the county clerk a first or chief deputy or assistant who shall be chargeable with all the duties of such principal officer, while subject to the direction of the same; and such first or chief deputy or assistant shall carry on the duties of the office during the absence of the principal officer or, in the event of the death, removal or resignation of said principal officer, until a successor shall have qualified.[1]
19 O.S. 180.81(13) (1995) (emphasis added).
¶ 4 Under the provisions of 19 O.S. 180.81(B) (1995), Chief Deputy County Commissioners, designated of record in the office of the County Clerk, are empowered to perform the duties of a County Commissioner under two separate sets of circumstances:
 1. When acting under the direction of the County Commissioner, or
 2. During the County Commissioner's absence, or in the event of the County Commissioner's death, removal or resignation.
¶ 5 Thus, under the statutory scheme, a Chief Deputy County Commissioner who has been properly designated in the Office of the County Clerk being empowered to perform all the duties of the County Commissioner — when acting under the County Commissioner's direction, or when the County Commissioner is absent, may, just as the County Commissioner could, attend meetings of the Board of County Commissioners, and vote on matters presented at the meetings, just as the County Commissioner could.[2] In examining a provision in the Oregon Constitution, similar to Section 180.81, under which the duties of the office of governor devolved on the secretary of state, the Oregon Supreme Court held that the devolving of the office and the duties of the office, necessarily included the powers to carry out those duties.Chadwick v. Earhart, 4 P. 1180,1181 (Or. 1884). See also Exparte Crump, 135 P. 428 (Okla.Crim.App. 1913) (holding that under the provisions of Article VI, Section 15 and Article VI, Section 16 of the Oklahoma Constitution, when the Governor absents himself from the State, the office of the Governor devolves upon the Lieutenant Governor, and with the office comes the powers of the office, including the power to issue pardons).
¶ 6 In providing that a duly designed Chief Deputy County Commissioner "shall carry on the duties of the office during theabsence" of the County Commissioner, the provisions of 19 O.S.180.81(B) (1995) do not define the word "absence." Under the long recognized rule of statutory construction, courts, in construing words used in a statute, "must assume that the lawmaking authority intended for the words to have the same meaning as that attributed to them in ordinary and usual parlance." Riffe Petroleum Co. v. Great National Corp., Inc.,614 P.2d 576, 579 (Okla. 1980). The ordinary meaning of the word "absence" is the "state of being absent or missing from a place or . . . failure to be present." webster's third new international dictionary 6 (1981). Use of the ordinary meaning of the word "absence" is consistent with the court's construction of Article VI, Section 15 and Article VI, Section 16 of the Oklahoma Constitution.
¶ 7 Article VI, Section 16 of Article VI of the Oklahoma Constitution provides in pertinent part that "[i]n case of impeachment of the Governor, or of his . . . removal from the State . . . said office, with its compensation, shall devolve upon the Lieutenant Governor for the residue of the term or until the disability shall be removed." The Court of Criminal Appeals, in Ex parte Crump, 135 P. 428 (Okla.Crim.App. 1913), construed this provision, along with its companion provision, Article VI, Section 15 of the Oklahoma Constitution, which in part provides that, "[i]f, during a vacancy of the office of Governor, the Lieutenant Governor shall be impeached . . . or be absent from the State," the duties of office shall devolve upon the President Pro Tempore of the Senate. The court held that the terms "absent" or "removal" meant a simple absence from the State.
¶ 8 In Ex parte Crump, 135 P. 428 (Okla.Crim.App. 1913) the court was called upon to determine the validity of a pardon issued by Lieutenant Governor J.J. McAlester while Governor Lee Cruce was in Kansas City, Missouri on a one-day trip. Upon his return to the State, Governor Cruce attempted to revoke the pardon. The respondent, who was holding Mr. Crump in custody, argued that Governor Cruce was only temporarily absent from the State for one day, and was not in any way incapable of discharging the powers and duties of the office of Governor, and did not, before leaving or at any time during his temporary absence, request or in any manner indicate to the Lieutenant Governor any desire on the Governor's part that the Lieutenant Governor should perform the functions of the office of Governor. Respondent also argued that the Governor was within twelve hours "run" of the Capitol, and within nine hours "run" of the State's border, and was thus, not "absent" from the State, within the constitutional meaning, as he was only temporarily out of State and still capable of performing the office's functions.
¶ 9 In rejecting the respondent's position, the court found that the terms "absent" and "removal," as used in Article VI, Sections 15 and 16 of Article VI of the Oklahoma Constitution, were "convertible" — interchangeable. Crump, 135 P. at 434. The court further held that the Governor's absence from the State, for no matter how short a period of time and no matter what the purpose for absenting himself, triggered the constitutional provision:
 [T]he plain intention of the framers of the Constitution and the people in adopting [art. VI, § 16] was to provide that in his absence from the state for any purpose or for any period of time, however short, his constitutional functions shall devolve upon the Lieutenant Governor as acting Governor. Such absence from the state is an abdication for the time being of the constitutional functions of his office, and the effect of that absence is to suspend his constitutional functions. He does not cease to be Governor by his temporary absence from the state. His vested right of tenure in the term of office attaches to his person and is distinct from his executive functions; it goes with him; but the constitutional functions of his office belong to the public and are confined to the state and cannot be exercised out of state; when he leaves the state, the constitutional functions of his office devolve pro tempore upon the Lieutenant Governor; and, when he returns to the state ipso facto, he resumes all of the powers, functions, and duties of his office. . . .
Ex parte Crump, 135 P. 428, 436 (Okla.Crim.App. 1913) (emphasis added).
¶ 10 The Crump court's analysis is that the power of an executive office can only be exercised within the office's geographic jurisdiction; thus, once the Governor removed himself from the State's geographic boundaries, he lost the ability to exercise the powers of office.
¶ 11 Applying a like analysis to the provisions of 19 O.S.180.81(B), we conclude that when a County Commissioner absents himself from the county, the functions of the Office of County Commissioner devolve upon the duly-designated Chief Deputy County Commissioner, until the County Commissioner returns to the county. As the functions of the office and the attendant power to perform those functions devolve upon the Chief Deputy County Commissioner, the Chief Deputy County Commissioner, during the County Commissioner's absence, may perform all functions of the office, including voting at meetings of the Board of County Commissioners. Accordingly, during the County Commissioner's absence from the county, any votes cast by a duly designated Chief Deputy County Commissioner are as valid as those cast by the County Commissioner. That is, the votes will not be set aside because they were cast by the Chief Deputy County Commissioner, rather than the County Commissioner.
¶ 12 Of course, whether any particular vote at any specific meeting was properly cast by a Chief Deputy County Commissioner, is a question of fact, which is not properly considered in an Attorney General's opinion. 74 O.S. 18b(A)(5) (1995). For example, whether the Chief Deputy was acting under the direction of the Commissioner or in his or her absence, will always be a question of fact.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Acting under the power conferred upon it by Article XVII,Section 2 of the Oklahoma Constitution to change or add to thelist of county officers, the Oklahoma Legislature, in adopting19 O.S. 180.81(B) (1995), added to the list of countyofficers, and in doing so created the office of Chief DeputyCounty Commissioner.
 2. Duly designated Chief Deputy County Commissioners, underthe provisions of 19 O.S. 180.81(B) (1995), are empowered toexercise the functions of the office of County Commissioner,under two sets of circumstances:
 a. When performing such duties under the direction of theCounty Commissioner, or
 b. During the absence of the County Commissioner from thecounty or in the event of the County Commissioner's death,removal or resignation.
 3. Under the provisions of 19 O.S. 180.81(B) (1995), whena County Commissioner leaves the county for any period of time,however short, the functions of the office of County Commissionerdevolve upon the duly designated Chief Deputy CountyCommissioner. Such absence from the county is an abdication, forthe time being, of the statutory functions of office, and theeffect of that absence is to suspend the County Commissioner'sstatutory functions. He does not cease to be County Commissionerby his temporary absence from the county, and his vested right oftenure in the term of office which attaches to his person, andwhich is distinct from his executive functions, goes with him;but, the functions of the office devolve upon the Chief DeputyCounty Commissioner.
 4. When, under the provisions of 19 O.S. 180.81(B) (1995),a duly designated Chief Deputy County Commissioner, in theabsence of the County Commissioner from the county, has thefunctions of the office of County Commissioner devolve upon himor her, the Chief Deputy County Commissioner is empowered toperform all functions of the office of County Commissioner,including attending and voting votes at meetings of the Board ofCounty Commissioners.
 5. Whether any specific vote cast by a Chief Deputy CountyCommissioner at a Board of County Commissioners meeting isvalidly cast, is a question of fact, which under the provisionsof 74 O.S. 18b(A)(5) (1995), is beyond the scope of anAttorney General's Opinion.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] The principal officers referred to at the beginning of this provision — the principal officers named in paragraph 1 of Section S of the act — are the principal officers named in 19O.S. 180.73 (1995). This list includes the members of the Board of County Commissioners. Id. -180.73(1).
Article VI, Section 16 of the Oklahoma Constitution establishes the conditions under which the functions of the Governor's office devolve upon the Lieutenant Governor and includes in its list of such contingencies times when the Governor becomes unable "to discharge the powers and duties of the office." Section 19 O.S.180.81(B) of Title 19 makes no provision for this contingency for county officers.
[2] Under the provisions of 19 O.S. 180.81(B) (1995) the duly designated "first or chief deputy or assistant" of all county officers — except county judges — may perform the duties of his or her principal under like circumstances.